UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENELL CAVER,<br>Plaintiff,<br>v.<br>JEFF MACOMBER, et al.,<br>Defendants. | No. 1:25-cv-01069-JLT-SAB (PC)<br>ORDER TO SHOW CAUSE WHY DEFENDANT PAULA MICHELINI SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br>(ECF No. 25) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On May 18, 2026, the Court ordered electronic service of Plaintiff's complaint on Defendants Kimberly Miscia, Wendy Weiss, and Paula Michelini. (ECF No. 14.)

On July 9, 2026, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive service of process as to Defendant Paula Michelini. (ECF No. 16.)

Thereafter, service was forwarded to the United States Marshal who returned the summons as unexecuted with notation that "address is a post office, no other businesses in the building. (ECF No. 17.)

On July 14, 2026, the Court ordered Plaintiff to show cause why Defendant Paula Michelini should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (ECF No.

18.) Plaintiff filed a response to the order to show cause on July 23, 2026. (ECF No. 19.) Plaintiff submitted that the Board of Parole Hearings will have the necessary information for service of process on Defendant Paula Michelini. (Id.)

Following submission of additional identifying information provided by Plaintiff (ECF No. 19), the Court directed the United States Marshals Service to attempt to serve the summons and complaint upon Defendant Paula Michelini, at the Board of Parole Hearings, 1515 K. Street, Sacramento, CA 95814. (ECF No. 20.)

On September 1, 2026, the summons was returned as unexecuted with a notation that Michelini is a contractor and not a CDCR employee and the Board of Parole Hearings cannot accept service for her, as she no longer works for them and there is no last known address for her. (ECF No. 25.)

Pursuant to Federal Rule of Civil Procedure 4:

> If a defendant is not served within 90 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....' " Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of

the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Because Paula Michelini no longer works for the Board of Parole Hearing and there is no last known address, the United States Marshal has not been successful in locating and service this Defendant. Accordingly, the Court will provide Plaintiff with an opportunity to show cause why Defendant Paula Michelini should not be dismissed from this action for failure to serve process. If Plaintiff is unable to provide the United States Marshal with additional information, Defendant Michelini shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **twenty (20)** days from the date of service of this order, Plaintiff shall show cause why Defendant Paula Michelini should not be dismissed from this action pursuant to Rule 4(m); and
2. Plaintiff's failure to respond to this order will result in a recommendation that Defendant Michelini be dismissed from the action, without prejudice.

IT IS SO ORDERED.

Dated: **September 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge